**Frank J. MADDEN, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY,**
a corporation, Defendant.

**Civ. A. No. 3938.**

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 8, 1953.

James P. Mozingo, III, John L. Nettles, Darlington, S. C., for plaintiff.

John Gregg McMaster, Columbia, S. C., George H. Ward, Asheville, N. C., for defendant.

WYCHE, District Judge.

The above case is before me upon motion of the defendant to change the venue from the Columbia Division in the Eastern District of South Carolina, to the Charlotte Division in the Western District of North Carolina, under the provisions of 28 U.S.C.A. § 1404(a).

It was conclusively shown at the hearing that it would be for the convenience of the witnesses for the defendant to try the case in the Charlotte Division in the Western District of North Carolina, and that the scene of the accident is in the city limits of the City of Charlotte, not very far from the Federal Court House. However, it appears from the affidavit of one of counsel for the plaintiff that the plaintiff is a resident of Anderson, South Carolina, and that all the witnesses who have any knowledge or information relative and material to the issues involved in the cause reside within a radius of 100 miles of Columbia, South Carolina, and that the Federal Rules of Civil Procedure, 28 U.S.C.A., provide a means of obtaining the presence of all of these witnesses, both for the defendant and the plaintiff, at the trial of the case in Columbia, South Carolina, with the exception of one witness for the defendant who resides in Charleston, South Carolina, but who is an employee of the defendant; that this would not be true if the case had been filed or is tried in Charlotte, North Carolina, inasmuch as the plaintiff's main medical witness resides at Florence, South Carolina, which is located 110 miles from Charlotte, North Carolina, and only 80 miles from Columbia, South Carolina; that in addition to the medical doctor, there are several other witnesses employed at Bruce's Hospital in Florence, South Carolina, whom it will be necessary to call as witnesses in the cause; that these witnesses can attend trial in Columbia, South Carolina, much more conveniently, economically, and with less loss of time than if they were required to attend trial in Charlotte, North Carolina; that Bruce's Hospital is not a large hospital, and it would seriously handicap the patients in Bruce's Hospital and the other personnel if all of these witnesses had to travel to Charlotte, North Carolina, to give their testimony in that it would leave the hos-

**416**

pital short handed during the time that these persons would testify; that in addition to the above mentioned witnesses, there is a photographer that resides in Florence, South Carolina, whose convenience would be better served by trying the case in Columbia, South Carolina, rather than Charlotte, North Carolina; that counsel who represent the plaintiff are not admitted to practice in the Western District of North Carolina, and if the cause is transferred to North Carolina, the transfer would force the plaintiff to employ additional counsel and thus incur a great deal of additional expense in order to have his case tried; that plaintiff is in possession, through his attorneys, of a great number of photographs taken of the scene where plaintiff was injured; that these photographs fairly and adequately depict the scene, thus making it unnecessary to have the jury view the scene; that since the date of the accident plaintiff has been totally disabled from earning a livelihood and that the plaintiff will have to rely upon the subpoena provisions of the Federal Rules of Civil Procedure in order to procure the attendance of his witnesses at the trial of the case; that the Southern Railway Company is, and was at the time of the accident, doing business in the State of South Carolina, and maintains offices and agents in and near Columbia, South Carolina, which is one of its main terminals in its system.

The motion in this case was made promptly by the defendant, but even so it is my opinion that the case would have to go to the foot of the docket in the Charlotte Division and in such event it is doubtful whether or not it could be tried sooner in the Charlotte Division than in the Columbia Division.

After consideration of the argument of counsel, and the affidavits filed by the parties, I am of the opinion that, while it is for the convenience of the witnesses of the defendant for the case to be tried in the Charlotte Division in the Western District of North Carolina, I cannot say that it is for the convenience of the witnesses for the plaintiff or that the interest of justice would be better served if the within case were tried in the Charlotte Division for the Western District of North Carolina, rather than in the Columbia Division for the Eastern District of South Carolina. Therefore, the motion of the defendant to change the venue in the above entitled case from the Columbia Division in the Eastern District of South Carolina to the Charlotte Division in the Western District of North Carolina is denied, and

It is so ordered.